The next case today is 524-0194, People v. Bailey. Arguing for the appellant is Amelia Carroll. Arguing for the appellee is Jessica Theoratos. Each side will have 10 minutes for their argument. The appellant will have five minutes for rebuttal. Please note, only the clerk of the court is permitted to record these proceedings today. Good afternoon, counsel. Good afternoon. As you can see, Justice Barberis is not present. He will be listening to a recording of the oral argument, and he will be participating in the ultimate disposition of the case. With that, appellant, if you are ready to proceed, you may do so. Thank you. May it please the court. My name is Amelia Carroll on behalf of Mr. Devante Bailey. Justice requires this court to reduce Devante's sentence to the minimum outright. In the alternative, this court should remand for resentencing. The sentencing court improperly considered an aggravation to factors inherent to armed violence and unreliable evidence of Devante's connection to acquitted charges. Since the evidence was otherwise overwhelmingly mitigating to the point where the judge here called Devante a model citizen during the 20 years of his life up until this case, a sentence above the minimum here was excessive, and this court should reduce it outright as a just remedy. I'll first address the two factors inherent in the offense of armed violence. That's Officer McDonald's injury and the threat to harm from carrying a gun in public. Now, Devante and the state agree that the court discussed both of these factors when addressing factors in aggravation, but the state argues that the court did not actually weigh it in aggravation, and that's where we differ. Going through the statutory aggravating factors, this is turning to McDonald's injury, the court said that there was an actual injury here and that that's physical harm, whether it's a minor wrist injury or not. So this was not a passing statement of something that was present in the case. The court was actually going out of its way to find that this aggravating factor was present and doubling down on it, in fact, by saying the fact that this was a minor injury doesn't change the fact that this aggravating factor is present. So obviously the injury here, Officer McDonald's injury, is baked into the armed violence. In fact, it's the very reason why Devante was eligible for an armed violence charge, because without that injury, we have a misdemeanor resisting charge. With the injury, it goes to a felony, and then because he was also armed, that's why he's eligible for armed violence. So for the sentencing court to pull that factor out, which is already baked in to that minimum of 15 years, and then use it to elongate Devante's sentence beyond that is improper. Turning to the second factor inherent in the offense here, the court said that being anytime you're being in public with guns puts other people at risk. So that is an aggravating factor. Close quote. So the court doesn't cite a specific reason why Devante's gun carrying in particular was especially more dangerous. He doesn't reference anybody without proper licensure who's carrying a gun is more dangerous. No, the court said anytime you're in public with guns, you're endangering people. And obviously that is inherent to the offense of armed violence. The legislature considered that when they crafted this crime. And so again, to pull that out of this case and to actually use it in aggravation to elongate Devante's sentence is exactly the kind of factor that is improper. So here the court explicitly weighed in aggravation those inherent factors. And any weight placed on those inherent factors requires remand for Devante to have a fair sentencing hearing. But more than remand, this court should outright reduce Devante's sentence to the minimum of 15 years since the only other aggravation that the court found besides factors inherent in the offense was Devante's connection to the attempt murder case for which he was acquitted. So turning to that issue, holding that connection in aggravation was also improper here since the sentencing court stated it would base its sentencing ruling on the jury's acquittal. And the jury found that Devante wasn't there for the attempt murder. We know that that's what the sentencing court was thinking because it stated so in the sentencing hearing, but also the parties stated so. The defense counsel during the 402 conference made the point that the jury found that Devante wasn't there for the attempt murder. The court basically agreed and the state didn't object. The judge also explicitly declined, considered, but declined to find that Devante knew about what gun was used in the attempt murder shooting. And declined to find that he covered up for somebody. So the judge is making no finding that's clear as to what specific facts or relevant and reliable evidence made up the connection that he ended up weighing in aggravation. And without that specific finding, it seems that the court improperly weighed in aggravation its unsupported belief that Devante was connected to the attempt murder. And we know that because in the court's comments in the 402 conference, it stated that it suspected that Devante knew more information about the attempt murder. And again, that suspicion or belief that somebody was involved in criminal conduct, that's not enough. To weigh or elongate someone's sentence based on that belief without reliable evidence, without that clarity is improper. Now the state admitted evidence that an attempt murder occurred when it asked the court to consider all the evidence in the jury trial. But since this court found that the jury determined Devante was not there for the attempt murder, it's not clear from the record what reliable evidence, if any, was relevant to the considerations for sentencing for Devante with regard to the armed violence, which were the seriousness of the armed violence or his rehabilitative potential. So critically, the armed violence here was based on Devante running from police while armed. He was armed with a gun that was in his pocket. That gun was not related to the attempt murder case. And the injury, which is underlying the armed violence, was McDonald's wrist injury, which did not have to do with the gun carrying, but also did not have anything to do with the attempt murder case. So the state argued at the hearing that the armed violence was more serious because Devante was actively disposing of evidence. But first of all, the state didn't charge him with that. But also the court, the sentencing court, effectively found that he was not disposing of evidence because it considered but declined to find that Devante knew the gun he tossed had been used in the shooting or that he was covering up for somebody. So it's unclear what exactly he is saying is the basis for that connection beyond that then. And these facts are what make this case distinct from cases like De Leon, where the court- Can I interrupt you for a moment? Can you, I know your time's running short. So could you address the issue that the state raises that the defendant has forfeited this issue on appeal? The issue that, well, yeah. So I do want to touch on this court's review. So the sentencing court, the sentencing court's improper reliance on these factors in aggravation is first prong plain error because the trial court made the errors explicitly. And also the errors were made where the sentencing evidence was closely balanced because the sentencing evidence was overwhelmingly mitigating here. First of all, the sentencing court called him Devante, a model citizen with no criminal record. The court considered nine letters of mitigation from friends and family who were specific about his good character and the value of Devante in their lives. His youth and his continuous employment since age 16 were mitigating. The fact that an older group induced his conduct was mitigating. The court found that Devante likely did not contemplate that his conduct of running away from police chasing him would cause or threaten to cause physical harm. And Devante's allocution reflected good character and suggested that the conduct was the result of circumstances unlikely to occur. The court also stated that there was merit to the defense counsel's argument at the sentencing hearing. The minimum of 15 years was too much for this type of case. I believe when you look at what this type of case meant when the court said that, it's the fact that this is not an aggravating armed violence here. Devante was not carrying a gun in furtherance of committing the underlying felony. The minor wrist injury here was not related to his carrying a weapon. And without Devante running from police, his likely charge was a class four felony with a maximum sentence that's five times shorter than the length of the minimum for armed violence here. The court is considering that and saying, yeah, there's merit to the argument that 15 years is actually too much here. So anything beyond that is significant. So the erroneous factors in aggravation here were the only aggravation to justify going above the minimum. And so this is really plain error review. This is a closely balanced situation where the court very much could have found, reasonably should have found that this was, that Devante should have received the minimum sentence here. And this court under first prime plain error should correct that by reducing Devante's sentence outright. But in the alternative, counsel was also ineffective for failing to object to the trial court error here. Counsel showed that she had an awareness that there was something wrong with holding factors inherent in the offense or holding it against Devante, some kind of elusive connection to the attempt murder case. She had noticed an awareness of that and brought it up in the 402, but failed to object to it contemporaneously during the sentencing hearing and also failed to put it in her motion to reduce the sentence. So should this court not view this matter as plain error, it should remand for a sentencing hearing with competent counsel. I think there's enough information here for the court, given the overwhelmingly mitigating evidence that Devante should have received the minimum here, that this is first prime plain error. With that, if there are no further questions, thank you. And I hope that this court will consider reducing outright to the minimum here for this 20-year-old who had no criminal record and who was induced to be involved in some gun carrying by an older crowd. Thank you. Any further questions, Justice Schiller? Not at this time. Thank you, Ellen. You'll be given time for rebuttal. You may proceed. Thank you. May it please the court. Good afternoon. My name is Jessica Theodoratos for the People. Defendant has waived the issue of the trial court relying on improper factors where defendant filed a motion to reconsider and did not raise this issue. Instead, he raised a very similar issue arguing that the trial court gave too little weight to the mitigating factors. Defendant now attempts to reframe this issue as the trial court relied on improper factors, but such an argument is unsupported by the record and he should not get another chance to seek to reweigh the factors where the trial court acted appropriately. Defendant was facing a sentence of 15 to 30 years and was sentenced to 17 years after the trial court found there to be a wealth of mitigating evidence present and decided not to give much weight to aggravating evidence. Defendants claim that the trial court relied on improper factors is without merit. The trial court did not improperly use evidence from the attempt murder trial nor elements of the crime of armed violence and aggravation. The facts were made clear that defendant was found not guilty in the attempt murder trial. The trial court stated it was finding that to be a good thing. The trial court said it counted a lot that he was found not guilty. It evaluated the evidence that it saw at the earlier trial and simply found it relevant in some way to the prior shooting. The trial court explicitly gave this information some weight but not much weight due to defendant being found not guilty. The trial court later categorized defendant as leading a law abiding life. It was clear to the trial court the defendant was not guilty of attempt murder but it was proper by the trial court to take into account in sentencing defendant the relevant and reliable information that was produced at that trial. Like the fact that defendant's DNA was on the weapon used in the shooting. He was hanging out with an older crowd who was committing crime and the fact that his car was used. It's not like the trial court decided to give defendant a harsher sentence because it believed defendant was actually guilty. Rather it expressly stated that defendant was not guilty and he may not have even known of the prior shooting. The trial court properly found there simply existed reliable evidence like defendant's DNA as evidence that defendant was connected in some way. Just because defendant was acquitted does not mean that the trial court who presided over that earlier trial would not be able to take into account relevant and reliable information that was put before the court. The trial court should be in possession of all relevant and reliable information when sentencing a defendant including information that was deduced in a trial where defendant was found not guilty. Furthermore, the trial court did not use elements implicit in the crime of armed violence and aggravation. It merely noted the factors and applied it to the facts of the case. In addressing the factors, it noted that defendant's conduct caused harm because there turned out to be a minor wrist injury but this was not improper. If anything, the brief mentioned could be construed as the trial court discounting the harm caused to the officer as the court was going through it trying to determine what aggravating evidence existed. Additionally, it was proper for the trial court to discuss the aggravating nature of defendant being armed in a public sentence and the risk of that posed to others because people might feel the need to fit in or to protect themselves which is a danger for the court to properly consider. The trial court's assessment of the evidence was reasonable especially given the record as a whole reflected that the trial court found there to be very little aggravating evidence present. Defendant argues that the trial court relied on improper factors and he should therefore be entitled to review under the first prong of plain error but this is not a case that is closely balanced. When taken as a whole, what was central to the trial court's thinking was not that there was evidence produced in an earlier trial that defendant was found not guilty at or the fact that weapons pose a threat to society. The trial court was placing a lot of weight on the mitigating factors. Defendant fails to show that the evidence and mitigation and aggravation was closely balanced as this is burdened where the trial court found there to be a lot of aggravating evidence which led the defendant being sentenced to very close to the minimum. Defendant also claims he should be entitled to review because he alleged ineffective assistance of counsel. This claim fails because it's unclear what defense counsel could have done differently or how that would have impacted the minimal sentence given to defendant which relied heavily on the mitigating evidence. Had defense counsel objected to the inclusion of the factors defendant complains of, it would have been fruitless. The relevant and reliable evidence from the earlier trial is still admissible in sentencing and regarding that the trial court allegedly relied on factors inherent in the crime, the trial court was simply commenting on the evidence, not giving it much weight and an objection would have likely done nothing. As argued previously, the trial court properly considered relevant and reliable evidence and ultimately did not give it much weight. So no prejudice exists. The record does not demonstrate that the trial court committed error. So there was no action defense counsel could have taken to exclude the evidence complained of. Defense counsel cannot be considered ineffective for not preserving a meritless issue and defendant was not prejudiced where the trial court did not give it much weight and sentenced him very close to the minimum. In conclusion, the people submit the defendant's sentence was based on relevant and reliable information and the trial court properly crafted the sentence based on the statutory factors. Thank you. I would be happy to answer any questions at this time. Any questions, Justice Schiller? Not at this time. All right. Thank you, counsel. Appellant, rebuttal. Thank you. First, I'd like to make a quick clarification that the state framed Devante's sentence as 17 years. He actually received 17 and a half. So the court elongated his sentence by two and a half years. I'd like to point out also that the state repeatedly used the phrase that there was some connection in some way between Devante's conduct for the armed violence and the attempt murder case. The fact that the state itself can't specify what that connection is is exactly the point of the argument here. That there is not specificity with regard to what it is about that attempt murder case and it's not based on him being there that makes the armed violence case more serious in some way. Furthermore, the state cites to the fact that Devante's DNA was found among a number of other people's DNA on the weapon that was tossed on the balcony as well as Devante's car being used in some way in the attempt murder case. So first of all, the DNA does not reliably establish a connection between Devante and the attempt murder charge because the DNA was placed on the gun that he tossed on the day that he tossed the gun. It doesn't show that he was involved in the attempt murder case at all. So the DNA evidence does not establish reliably that connection. And also the court did not specifically say that it did. In fact, the court declined to find that Devante knew that that gun had been used in the attempt murder and declined to find that he was covering up for somebody. The car registered to Devante also does not reliably establish that Devante was connected to the attempt murder because looking more closely at that evidence, Devante's car was not the car that had the occupants that shot at Rogers and Griffin in the attempt murder. It was the green Chrysler. Now Devante, a car registered to Devante was seen at a gas station next to the green Chrysler on that evening, surrounded by people that were involved in the attempt murder, those suspects. However, the registered owner of the green car, which was the car that actually had the shooters, was a woman named Doris Freeman, who like Devante was not at the Match One gas station that night. All she could say when she was found, when her car was found a week later somewhere in Chicago, is that the DNA testing of that car probably wouldn't be useful because so many different people had used the car in the week prior. So the investigators decided not to even test that car because it was understood that these people involved in the attempt murder were using other people's cars that night, people who didn't even know where they were or who was using them. So that's not reliable evidence that Devante knew it was there, let alone that he knew who was involved or let alone that he knew about a gun that was used that night in a car that wasn't even his car. So again, the purposes at sentencing are to fashion a sentence that properly responds to the seriousness of the armed violence and the rehabilitative potential. We know that Devante has ample rehabilitative potential and the court made specific findings as to that. And again, when it comes to the seriousness of the armed violence, the car, the DNA, these things, when you look closely, they don't reliably establish a connection to the armed murder, or excuse me, the attempt murder. The state also suggests that the court should be allowed to elongate Devante's sentence based on improper factors or unclear or unreliable evidence, as long as the court is otherwise reasonable or as long as the sentence didn't go too far above the minimum in the way it placed. But that's not what the law says. Two days above the minimum for, or excuse me, two days more based on improper factors deserves remand. It's not proper to place any weight on these improper factors. The state also claims that this case here was clearly the evidence that sentencing was not closely balanced, but I believe that that reveals a misunderstanding of what closely balanced means in the sentencing context. For any sentence within the range, the balance could be enough to tip that sentence lower or higher. But in this case, we have ample case law that says that, especially when you have ample mitigating evidence, that that is exactly what closely balanced means in the sentencing context, where there's enough mitigating evidence here that the sentence could have been lower and in fact should have been a minimum. So that argument by the state doesn't carry water. Regardless, excuse me, also the state claims that it's unclear what defense counsel could have done differently. I mean, obviously defense counsel could have made a contemporaneous objection or cited these errors in counsel's motion to reduce the sentence. But also that very well could have with some guidance to the court perhaps as to what it means to rely on a factor inherent in the offense, that absolutely could have changed the outcome, especially because there was so much mitigating evidence. And the court said that there was merit to defense counsel's argument that this should have been the minimum because of how long the minimum is here. Furthermore, the state is basically saying that there's no merit, so there's no ineffectiveness. The state is basically suggesting, if I may conclude my sentence. Yeah, you can continue. Yeah, go ahead. Thank you. The state is essentially suggesting that if there was merit to the argument here that there was improper factors used, then there would have been ineffectiveness. So with that, I would ask that this court reduce Devante's sentence outright. Thank you. Any final questions, Justice Schiller? No questions. Thank you. Thank you, counsel, for your arguments. We will take this matter under advisement, issue a ruling, and due course. Thank you.